IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DOCKET

| | | |
|---|---|---|
| PAUL J. MCARDLE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:12-0326 |
| | ) | United States Magistrate Judge |
| JOSEPH W. HUFNAGEL, et al., | ) | Cynthia Reed Eddy |
|     Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

There would appear to be a myriad of sound reasons to dismiss Plaintiff Paul J. McArdle's complaint against thirty-seven defendants, but the fundamental reason is that Plaintiff's federal claim is without merit, and this Court has no jurisdiction to adjudicate his remaining common law claims. Moreover, because any amendment would be futile, it is respectfully recommended that Defendants' several motions to dismiss (ECF Nos. 15, 19, 21, 26, 30, 33) be granted, Mr. McArdle's federal claim be dismissed with prejudice, and his Pennsylvania common law claims be dismissed without prejudice.

**II.    REPORT**

On December 27, 2012, Mr. McArdle commenced this civil action by filing a Complaint against thirty-five named Defendants, plus John and Jane Doe, having previously lost three actions brought in the courts of the Commonwealth of Pennsylvania based on the same alleged conduct and claims. Plaintiff's Complaint sets forth five separate causes of action: conspiracy to interfere with civil rights under 42 U.S.C.

1

§1985(3) (Count I), trespass (Count II), conversion (Count III), trespass to chattels (Count IV), and defamation (Count V).

The Complaint avers Mr. McArdle resides in Pennsylvania, as do most of the Defendants. Complaint (ECF No. 1), ¶¶ 3 and 4-49. The Complaint alleges Mr. McArdle is a member of the Pennsylvania bar with a law office in Pittsburgh since 1992. Complaint, ¶¶ 2-3. The Complaint also alleges five of the Defendants are, or were, lawyers. Complaint, ¶¶ 9, 24, 36, 39 and 41.

Count I purports to state a federal claim of conspiracy to interfere with his civil rights under 42 U.S.C. § 1985(3). Complaint, ¶¶ 56-57. The gist of this claim is that defendants conspired to injure him in his efforts to earn a livelihood by the practice of law, to interfere with a normal life, and to cause him other severe damage by a series of defamatory statements, physical attacks and intrusions/trespasses upon Plaintiff's law office, acts of theft or conversion from the law office of personal property in the form of papers, files and notes, and numerous acts of trespass to chattels kept in Plaintiff's office. Complaint, ¶ 57. By Plaintiff's own description, the alleged conspiracy involved "the violation of law office 'premises,'" which "exactly fits the terms of the federal remedial statute at 42 U.S.C. § 1985(3), frequently called the Civil Rights Act of 1871 . . . ," and thus Mr. McArdle "pleaded both his federal cause of action arising under 42 U.S.C. §1985(c) and the four state tort causes of action for trespass upon his law office premises, conversion of law office personal property, trespass to law office chattels, and defamation

of character." Plaintiff's Brief in Opposition to Defendants' Motions to Dismiss, (ECF No. 38 at 31-32).

**(1) Plaintiff's cause of action pursuant to 42 U.S.C. §1985(3) fails to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6).**

Plaintiff's Complaint fails to state a claim for a "conspiracy to interfere with civil rights under 42 U.S.C. § 1985(3)" because it fails to allege the conspiracy was motivated by animus toward a protected class. Amendment of the Complaint to correct this defect would be futile because Plaintiff cannot plausibly claim Defendants have some discriminatory animus to lawyers or law offices, which are not protected classes under the statute. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

In light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint may be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. Co. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). While *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957) allowed dismissal of a claim only if "no set of facts" could support it, under *Twombly*, and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a claim for relief under Rule 12(b)(6) now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1950.

In *Iqbal*, the Supreme Court held that a claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendants are liable for

the misconduct alleged. *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (citing *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949–50). The plausibility standard in *Iqbal* "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949. While well-pleaded factual content is accepted as true for purposes of whether the complaint states a plausible claim for relief, legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth. *Iqbal*, 566 U.S. 662,129 S.Ct. at 1949. "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, 566 U.S. 662, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). In order to satisfy the requirement of Fed.R.Civ.P. 8(a)(2) that a Plaintiff include a "short and plain statement of the claim showing that the pleader is entitled to relief," a Plaintiff must aver sufficient factual allegations which "nudge" its claims "across the line from conceivable to plausible." *Id*.

As the Court of Appeals for the Third Circuit explained in *Fowler*, 578 F.3d at 210–11:

> The Supreme Court's opinion in *Iqbal* extends the reach of *Twombly*, instructing that all civil complaints must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.
>
> Therefore, after *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the

4

complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id*. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the Plaintiff has a "plausible claim for relief." *Id*. at 1950. In other words, a complaint must do more than allege the Plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, ... [the] "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

*See also Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1947, 1950); *Burtch v. Milberg Factors, Inc*., 662 F.3d 212, 221 (3d Cir. 2011), *cert. denied*, ––– U.S., –––– 132 S.Ct. 1861 (2012); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

In considering a Rule 12(b)(6) motion, a court accepts all of the Plaintiff's allegations as true and construes all inferences in the light most favorable to the non-moving party. *Umland v. Planco Fin. Servs*., 542 F.3d 59, 64 (3d Cir. 2008) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig*., 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n. 8 (3d Cir. 1997). A court is not required to consider legal conclusions; rather, it should determine whether the Plaintiff should be permitted to offer evidence in support of the allegations. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000).

Therefore, a Plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Wilkerson v. New Media Tech. Charter Sch., Inc*., 522 F.3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F.3d at 224). However, this standard does not impose a heightened burden on the claimant above that already required by Rule 8, but instead, calls for fair notice of the factual basis of a claim while raising a "reasonable expectation that discovery will reveal evidence of the necessary element." *Weaver v. UPMC*, 2008 WL 2942139, *3 (W.D.Pa. July 30, 2008) (citing *Phillips*, 515 F.3d at 234; and *Twombly*, 550 U.S. at 555).

A claim for conspiracy under 42 U.S.C. § 1985(3) is a valid cause of action "under rather limited circumstances against both private and state actors." *Brown v. Philip Morris Inc.,* 250 F.3d 789, 805 (3d Cir. 2001). In order to establish a claim for conspiracy under section 1985(3), a Plaintiff must show (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Farber v. City of Patterson*, 440 F.3d 131, 134 (3d Cir. 2006).

Although section 1985(3) applies to private conspiracies, it "was not intended to provide a federal remedy for 'all tortious, conspiratorial interferences with the rights of others,' or to be a 'general federal tort law.'" *Farber*, 440 F.3d at 135 ( quoting *Griffin*, 403 U.S. at 101–02). While section 1985(3) provides a remedy for purely private

conspiracies involving no state action, *Griffin*, 403 U.S. at 100, it does so ***only*** when the rights aimed at by the conspiracy are protected against private encroachment. *United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 833 (1983). Only two rights have thus far been recognized by the Supreme Court as protected against private conspirators under section 1985(3): the right to be free from involuntary servitude and the right to interstate travel. *Brown*, 250 F.3d at 805 (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 278 (1993)).

Contrary to Plaintiff's opinion, "violation of law office premises" does not "fit the terms of the federal remedial statute at 42 U.S.C. § 1985(3)," and his federal conspiracy claim, pursuant to 42 U.S.C. § 1985(3) must, therefore, be dismissed with prejudice.

**(2) Plaintiff's Complaint affirmatively establishes the absence of diversity of citizenship jurisdiction pursuant to 28 U.S.C. §1332. Fed.R.Civ.P. 12(b)(1).**

Under Federal Rule of Civil Procedure 12(b)(1), a Defendant may move at any time to dismiss the Complaint for lack of subject matter jurisdiction on either facial or factual grounds. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir. 1977)). In analyzing a facial challenge, a court "must consider only the allegations of the complaint and documents attached thereto, in the light most favorable to the plaintiff." *Id.* (citing *Mortensen*, 549 F.2d at 891). In considering a factual challenge, however, a court "may consider evidence outside of the pleadings." *Id.* (citing *Mortensen*, 549 F.2d at 891). Regardless of the type of challenge, the plaintiff bears the "burden of proving that the court has subject matter jurisdiction." *Cottrell v. Heritages Dairy Stores, Inc.*, No.

09–1743, 2010 WL 3908567, at *2 (D.N.J. Sep.30, 2010) (citing *Mortensen*, 549 F.2d at 891). See *Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993) ("The person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation.").

Diversity of citizenship does not exist between Plaintiff and the defendants, most of whom are citizens of Pennsylvania according to Plaintiff's own averments. *See Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 148 (3d Cir. 2009) (for complete diversity to exist, no plaintiff may be a citizen of the same state as any defendant); *Mennen Co. v. Atl. Mut. Ins. Co.*, 147 F.3d 287, 290 (3d Cir. 1998) (diversity jurisdiction under section 1332 "is lacking if any Plaintiff and any defendant are citizens of the same state"). That one defendant may be a citizen of a foreign country, as Plaintiff avers, does not confer diversity jurisdiction where, as here, other defendants are citizens of the same state as Plaintiff.

### (3) Plaintiff's Complaint fails to establish supplemental jurisdiction over Pennsylvania common law claims pursuant to 28 U.S.C. §1367.

Because Count I fails to state a claim upon which relief may be granted, the only remaining claims are common law tort claims, and as set forth above, this Court does not have diversity of citizenship jurisdiction over those claims. Federal district courts also "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States constitution." 28 U.S.C. § 1367(a).

A court "may decline to exercise supplemental jurisdiction," however, if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Defendants request this Court dismiss Count I, the only claim over which it has original jurisdiction, and decline to exercise supplemental jurisdiction over Plaintiff's remaining claims. The Court should grant this request.

"A district court has the responsibility to manage complex litigation," which requires the court to determine "whether to exercise supplemental jurisdiction over pendent claims and parties. In enacting section 1367, Congress intended to enhance a district court's ability to gain jurisdiction over pendent claims and parties while providing those courts with the discretion to decline to exercise supplemental jurisdiction in several express circumstances. 'It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of Plaintiff's right.'" *De Asencio v. Tyson Foods, Inc.,* 342 F.3d 301, 309 (3d Cir. 2003) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).

Given that the common law claims are quintessential state law claims, that Plaintiff never posited a viable federal claim or basis for federal court jurisdiction, and that we are only at the early, pre-discovery stage of the proceedings, the Court should decline to assume supplemental jurisdiction over Plaintiff's remaining Counts. See *First Capital Asset Mgmt., Inc. v. Satinwood, Inc*., 385 F.3d 159 (2d Cir. 2004) (district court did not abuse its discretion by declining to exercise supplemental jurisdiction over creditors' state law claims, where court dismissed complaint well before trial and before

significant discovery had taken place, some litigants were foreign nationals, and case was likely to go on for years); *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 737-38 (3d Cir. 1994), *cert. denied*, 513 U.S. 1190 (1995); *Englert v. City of McKeesport*, 872 F.2d 1144, 1152-53 (3d Cir. 1989) (unless extraordinary circumstances exist, it is inappropriate for a district court to proceed with supplemental state law claims where the underlying federal claim has been dismissed prior to trial; rather, the proper course is for the district court to dismiss the state claim without prejudice); *Fera v. Baldwin Bor.*, 2007 WL 3053263, *2 (W.D.Pa. 2007) ("more often than not, when this Court dismisses all federal claims at the summary judgment stage, and there are only state claims remaining [such as defamation], it declines to exercise its discretion to entertain those claims pursuant to its supplemental jurisdiction").

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the several motions to dismiss (ECF Nos. 15, 19, 21, 26, 30, 33) be granted, that Count I be dismissed with prejudice, and that Counts II through IV be dismissed without prejudice to attempt to re-raise them in the courts of Pennsylvania.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, Objections to this Report and Recommendation are due by March 18, 2013. Failure to timely file Objections will constitute waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all ECF registered counsel